IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICLOUIS ARREOLA III, et al.,

        Plaintiffs,                No. 2:10-cv-3272 WBS KJN (TEMP) PS

        v.

WELLS FARGO HOME MORTGAGE, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

        Defendants' motions to dismiss came on regularly for hearing on March 3, 2011. Plaintiff VicLouis Arreola appeared on his own behalf and is proceeding in this action without counsel.[1] No appearance was made for plaintiff Imelda Cid-Arreola, who is also proceeding in this action without counsel. Alex Sears appeared telephonically for defendants Wells Fargo and Mortgage Electronic Registration Systems, Inc. ("MERS"), hereinafter "Wells Fargo defendants." Charles Pernicka appeared telephonically for defendant DHI Mortgage Company ("DHI"). Upon review of the documents in support and opposition, upon hearing the arguments of plaintiffs and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

This action arises out of the foreclosure of plaintiffs' home.  The action was filed in state court on October 29, 2010, and was removed from state court to this court on the basis of federal question jurisdiction.  Dckt. no. 1.  Plaintiffs allege claims for declaratory and injunctive relief, fraud, violation of the Real Estate Settlement Procedures Act ("RESPA"), reformation, quiet title, violation of the California Unfair Competition Law ("UCL"), violation of California Civil Code § 2923.6, and violation of the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").  Defendants Wells Fargo and MERS moved to dismiss on December 13, 2010, and defendant DHI Mtg. Co. moved to dismiss on December 15, 2010, and joined in defendant Wells Fargo's motion to dismiss.  Dckt. nos. 9, 12.  Opposition to both motions was filed.[2]  Dckt. nos. 22, 28.  The undersigned has fully considered the parties' briefs and the record in this case and, for the reasons stated below, recommends that defendants' motions to dismiss be granted and that the action be dismissed with prejudice.[3]

I.   BACKGROUND

Plaintiffs borrowed $417,000 from defendant DHI on April 4, 2007, for the purchase of a residential property in Elk Grove, California, and the deed of trust was recorded on

---

[2] Plaintiffs' opposition papers rely on the discredited theory that the holder of the note must be identified before nonjudicial foreclosure can take place in California.  Plaintiffs dispute the authority of defendant Cal-Western Reconveyance Corporation, which was substituted as a trustee before recording the Notice of Default and Notice of Trustee's Sale, to initiate the nonjudicial foreclosure proceedings against plaintiffs' home.  This contention is meritless.  See Champlaie v. BAC Home Loans Servicing, LP, et al., 706 F.Supp.2d 1029 (E.D. Cal. 2009) (in nonjudicial foreclosure under California law, production or possession of the promissory note is not required).  Plaintiff's reliance on In re Rickie Walker, (Bankr. E.D. Cal. 2010, No. 10-21656, May 20, 2010 civil minutes) and a Massachusetts decision is misplaced.  Whether an entity has standing to assert or object to a claim in bankruptcy court and judicial foreclosure under Massachusetts law is inapposite to determination of the propriety of nonjudicial foreclosure under the California statutory scheme.  Cal. Civil Code §§ 2924(a)(1), 2934a(d).

[3] Defendant Cal-Western Reconveyance Corporation has not appeared in this action.  For the reasons discussed below, the court also recommends dismissal of the action against the non-appearing defendant.

1  April 30, 2007.  See Defendant Wells Fargo's Request for Judicial Notice ("WFRJN"), Ex. A.[4]
2  MERS was named as the beneficiary (in its capacity as nominee for the lender) and Fidelity
3  National Title was named as the trustee.  Id.  In September 2009, plaintiffs defaulted on their
4  payments.  On December 9, 2009, MERS executed a substitution of trustee, naming Cal-Western
5  as the new trustee.  WFRJN, Ex. C.  The substitution of trustee was recorded on October 14,
6  2010, and notice of the substitution was mailed to plaintiffs.  Id.  On December 10, 2009, MERS
7  executed an assignment of deed of trust, assigning the beneficial interest to Wells Fargo.  See
8  Defendant DHI's Request for Judicial Notice ("DHIRJN"), Ex. B.  This assignment was recorded
9  on October 6, 2010.  Id.  On December 14, 2009, Cal-Western recorded a notice of default,
10 which included a notice of default declaration that the requirements of California Civil Code §
11 2923.5 had been met.  DHIRJN, Ex. D.  A notice of trustee's sale was recorded on October 20,
12 2010, with a sale date scheduled for November 9, 2010.  WFRJN, Ex. E.  The instant action was
13 filed on October 29, 2010, in state court.  Dckt. no. 2, Ex. A.

14 II.    LEGAL STANDARDS

15         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)
16 challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase
17 Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard
18 of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and
19 plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see
20 also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a
21 motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

---

[4] Defendants request judicial notice of documents recorded by the Sacramento County Recorder.  On a motion to dismiss, the court may consider matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  Accordingly, defendants' request for judicial notice of official records is granted.

to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may consider judicially noticeable court records to determine the preclusive effect of prior decisions without converting a motion to dismiss to a motion for summary judgment. See, e.g., Shaw, 56 F.3d at 1129 n.1.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b),

which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation and quotation marks omitted).). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and modification in original).

III.   DISCUSSION

Defendants contend the fraud claims[5] are barred by the statute of limitations.[6] The fraud claims arise out of alleged misrepresentations in connection with the origination of the loan. The deed of trust was executed on April 4, 2007, and this action was filed was filed in state court on October 29, 2010. Plaintiffs knew the material terms of the loan in April 2007. Plaintiffs submit no argument in opposition to the bar of the statute of limitations or that would raise a plausible claim for equitable tolling. Plaintiffs' fraud claim is therefore barred by the

---

[5] Plaintiffs allege as a second cause of action a claim for fraud, and allege in the ninth cause of action a claim for fraud under California Civil Code § 1572, which sets forth the statutory definition of "actual fraud."

[6] Defendants also correctly contend that the fraud claims are not pleaded with sufficient particularity. The statute of limitations issue, however, is dispositive.

1  three year statute of limitations provided under California Code of Civil Procedure § 338(d).

2  Plaintiff's third claim is for violation of the RESPA, 12 U.S.C. § 2607(b), which prohibits fee splitting for real estate settlement services. Claims under this section are subject to a one-year statute of limitations. 12 U.S.C. § 2614. Plaintiffs fail to allege conduct violative of this statute. However, in any event, plaintiffs would have paid for the real estate settlement services at the time of closing, which occurred over three years prior to the filing of the instant action. See Garcia v. Wachovia Mtg. Co., 676 F. Supp. 2d 895, 908 (C.D. Cal. 2009) (dismissing RESPA section 2607 claim as time barred where mortgage transaction closed over one year prior to filing of lawsuit); see also Jensen v. Quality Loan Service Corp., 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2009); Rogers v. Cal. State Mortg. Co. Inc., 2010 WL 144861 at *11 (E.D. Cal. 2010). Accordingly, plaintiffs' claim under RESPA is time barred.

The fourth cause of action seeks reformation of the contract to reduce the amount of the loan from $417,000, to the estimated fair market value of the property of approximately $220,000. Reformation is not a stand alone action and can be granted only where plaintiffs can demonstrate a valid cause of action justifying reformation. Landis v. Superior Court, 232 Cal. App. 2d 548, 555 (1965). There are no allegations that the loan documents did not reflect the parties' intent at the time of execution. This court does not have the authority to make a new contract for the parties. Lemoge Electric v. County of San Mateo, 46 Cal. 2d 659, 663 (1956). Plaintiffs' claim for reformation therefore fails.

Plaintiffs also seek to quiet title to the subject property. There are no allegations that plaintiffs have tendered the full amount due on the loan. Plaintiff conceded at the hearing that such tender could not be made. In the absence of tender, a claim for quiet title cannot lie. California Civil Code § 1691(b); see Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974) (cloud upon title persists until debt is paid); see also Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a

trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness" (citations and quotation marks omitted).); Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851 (Ct. App. 1971)). .

In the seventh cause of action, plaintiffs allege a claim under California Civil Code § 2923.6.[7] This section addresses the rights and obligations of a loan servicer with respect to participants in a loan pool. There is no private right of action created under this statute. See Farner v. Countrywide Home Loans, Inc., 2009 WL 189025, *22 & n.1 (S.D. Cal. 2009) (no private right of action for borrowers); Ruiz v. Saxon Mort. Services, 2009 WL 1872465, *2 n.2 (C.D. Cal. 2009) (no cognizable claim for wrongful foreclosure under statute); see also Nool v. HomeQ Servicing, 653 F.Supp.2d 1047, 1052 (E.D. Cal. 2009) (lender not obligated to provide loan modification under section 2923.6). Because there is no private right of action, plaintiffs cannot state a claim under this statute.

---

[7] In the complaint, plaintiffs also refer to California Civil Code § 2923.5, and in the opposition plaintiffs stress that this section requires the "true, real and actual" beneficiary must contact the borrower to assess their financial condition. Under California Civil Code § 2923.5, a mortgagee, trustee, beneficiary or authorized agent must contact or diligently attempt to contact the borrower before recording a notice of default and must declare it has done so. Cal. Civ. Code §§ 2923.5(a)(1), (b). This section applies to mortgages and deeds of trust recorded from January 1, 2003, to December 31, 2007, inclusive, that are secured by owner-occupied residential real property containing no more than four dwelling units, as is the case here. Section 2923.5 implicitly provides a private right of action. See Mabry v. Superior Court, 185 Cal. App. 4th 208 (2010); but see Giordano v. Wachovia Mortgage, FSB, 2010 WL 5148428 at *4, 5 (N.D. Cal. Dec. 14, 2010) (claim under section 2923.5 preempted by federal law under HOLA). Assuming, without deciding, that section 2923.5 creates a private right of action that is not preempted, the allegations in plaintiffs' complaint are fatal to a viable claim under this statute. Plaintiffs allege that they spoke with Wells Fargo regarding their financial condition. Complaint at ¶ 28. The documents of which this court may take judicial notice establish that Wells Fargo is the beneficiary of the deed of trust. DHIRJN, Ex. C. The notice of default includes a declaration of compliance with section 2923.5 which is signed by the Vice President of Loan Documentation for Wells Fargo Home Mortgage. DHIRJN, Ex. D. Under these circumstances, plaintiffs cannot state a claim under section 2923.5.

1　　　　　Plaintiffs' eighth claim for relief under the Rosenthal Act fails to state a claim
because foreclosing on a home does not constitute debt collection under the Act. Izenberg v.
ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); see also Keen v. American
Home Mtg. Servicing, Inc., 664 F.Supp.2d 1086, 1095 (E.D. Cal. 2009); Rosal v. First Federal
Bank of California, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009) (foreclosing on property
pursuant to deed of trust not debt collection within meaning of Rosenthal Act).

　　　　　In plaintiffs' sixth claim for relief, plaintiffs invoke the UCL, California Business
and Professions Code § 17200. A claim under the UCL must rest on a violation of some
independent substantive statute, regulation or case law. See Farmers Ins. Exch. v. Superior
Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws);
see also Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993) (plaintiff must state
with reasonable particularity the facts supporting statutory elements of violation of UCL).
Because the UCL claim is predicated on the same conduct giving rise to plaintiffs' other causes
of action, all of which are subject to dismissal, the UCL claim fails as well. See generally Cel-
Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999)
(claim under "unfair" prong of UCL requires conduct threatening incipient violation of antitrust
laws); Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001) (violation under
"unlawful" prong of UCL requires underlying violation of law); Perdiguerra v. Meridas Capital,
Inc., 2010 WL 395932 at *8 (N.D. Cal. Feb. 1, 2010) (claim under "fraudulent" prong of UCL
requires showing of reliance and heightened particularity standard required for fraud).

　　　　　Plaintiffs also seek declaratory and injunctive relief regarding their contention that
defendants do not have the right to foreclose. A claim for declaratory or injunctive relief is not a
separate cause of action and plaintiffs are not entitled to such relief absent a viable claim. See,
e.g., Lane, 713 F. Supp. 2d at 1104 ("Declaratory and injunctive relief are not independent
claims, rather they are forms of relief."). As discussed above, defendant Cal-Western was the

1  properly substituted trustee and has the right to initiate foreclosure proceedings.  Cal. Civil Code
2  §§ 2924(a)(1), 2934a(d); see Champlaie v. BAC Home Loans Servicing, LP, et al., 706
3  F.Supp.2d 1029 (E.D. Cal. 2009); see also Roque v. Suntrust Mortgage, Inc., No. C-09-00040
4  RMW, 2010 WL 546896 at *3 (N.D. Cal. Feb. 10, 2010) (California Civil Code § 2932.5
5  inapplicable to deeds of trust; claim for declaratory relief based on this section dismissed with
6  prejudice).  Thus, plaintiffs are not entitled to the declaratory and injunctive relief they seek.

7  As discussed above, all of plaintiffs' causes of action fail to state a claim.  In
8  opposition to the pending motions, plaintiffs proffer no facts which would suggest amendment of
9  the complaint would be anything other than futile.  Similarly, at the hearing on the pending
10  motions, the court explored at some length with plaintiff whether any facts could be proffered to
11  cure the deficiencies in the complaint and plaintiff was unable to make such a proffer.  After
12  careful review of the plaintiffs' pleadings, the undersigned concludes amendment would be futile
13  and the motions to dismiss should be granted with prejudice.

14  IV.  <u>Defendant Who Has Not Been Served</u>

15  The claims against the remaining non-appearing defendant Cal-Western
16  Reconveyance Corporation should also be dismissed.  "A District Court may properly on its own
17  motion dismiss an action as to defendants who have not moved to dismiss where such defendants
18  are in a position similar to that of moving defendants or where claims against such defendants are
19  integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a
20  dismissal may be made without notice where the [plaintiffs] cannot possibly win relief."  Omar v.
21  Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard
22  includes sua sponte dismissal as to defendants who have not been served and defendants who
23  have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44
24  F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party
25  which had not yet appeared, on the basis of facts presented by other defendants which had
26

appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, the non-appearing defendant is in a position similar to that of the defendants who have moved for dismissal and the claims are integrally related.  Accordingly, the undersigned will recommend that all claims against defendant Cal-Western Reconveyance Corporation be dismissed along with all claims against the moving defendants.[8]

## V.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (Dckt. nos. 9 and 12) be granted;

2. This action be dismissed with prejudice;

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[8] Dismissal is also warranted under Federal Rule of Civil Procedure 4(m). In the order setting status conference, filed December 8, 2010, plaintiff was cautioned this action might be dismissed if defendants were not timely served. Dckt. no. 6. Over 120 days have passed since this action was removed to federal court, and there is no evidence that defendant Cal-Western Reconveyance Corporation has been served with summons in this action.